IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| **ROBERT J. KLEINFELTER,**<br>**Plaintiff,**<br><br>vs.<br><br>**MICHAEL J. ASTRUE,**<br>**Defendant.** | Case No. 07 C 50182<br><br>**Magistrate Judge**<br>**P. Michael Mahoney** |

## MEMORANDUM OPINION AND ORDER

Robert Kleinfelter ("Claimant") seeks an award of $9,083.06 in attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, claiming that the Commissioner's opposition to Claimant's applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") was not "substantially justified." The Commissioner argues that the government's position was substantially justified and that this court should deny Claimant's EAJA fee request in its entirety. Alternatively, the Commissioner argues that the requested fees are unreasonable. For the following reasons, the court grants Claimant's application for EAJA fees in part.

### I. BACKGROUND

Claimant applied for DIB and SSI on June 14, 2004 alleging disabilities caused by a spontaneous pneumothorax, alcoholism, and depression. The ALJ held a hearing and denied Claimant's application on April 27, 2006. On May 30, 2006, Claimant suffered a heart attack. The Appeals Council reviewed Claimant's case and remanded it to the ALJ for resolution of a number of issues on September 18, 2006. The ALJ conducted a second hearing and, on April 27,

1

2007, again denied Claimant benefits. The Appeals Council denied Claimant's request for review, and the ALJ's 2007 decision became the final decision of the Commissioner.

On October 1, 2007, Claimant filed a Complaint in the U.S. District Court for the Northern District of Illinois seeking judicial review of the Commissioner's decision. A Memorandum Opinion and Order remanding the ALJ's denial of benefits was issued on September 15, 2008, where the court determined that the RFC established by the ALJ was unsupported by substantial evidence in the record because the ALJ failed to account for limitations potentially caused by the Claimant's heart condition. The court clerk entered this judgment on September 16, 2008. On November 10, 2008, Claimant filed his motion for attorney's fees.

## II. DISCUSSION

Under the EAJA, Claimant is entitled to attorney's fees if the following requirements are met: 1) Claimant is a prevailing party; 2) the position of the Commissioner was not "substantially justified;" 3) no special circumstances exist which would make an award unjust; and 4) a fee application is submitted within thirty days of the final judgment in the action. 28 U.S.C. 2412(d)(1); *see also United States v. Hallmark Construction Co.*, 200 F.3d 1076, 1079 (7th Cir. 2000). If a Claimant qualifies for an award of fees, those fees must be "reasonable." 28 U.S.C. 2412(b). The Commissioner objects to an award of attorney's fees under EAJA in this case because, he argues, his position was substantially justified and, alternatively, because the fees requested are unreasonable.

### A. The Substantially Justified Standard

For the Commissioner's position to be substantially justified, "it must have reasonable

2

factual and legal bases, and a reasonable connection must exist between the facts and [his] legal theory." *Kusilek v. Barnhart*, 175 Fed. Appx. 68, 70 (7th Cir. 2006) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). The "substantially justified" standard is different from the "substantial evidence" standard used by the court when reviewing an ALJ's decision. *Cummings v. Sullivan*, 950 F.2d 492, 498 (7th Cir. 1991). The Commissioner's position may have been substantially justified even when there was not substantial evidence in the record to support the ALJ's conclusion. *Id*.

When evaluating whether the Commissioner's position was substantially justified, the reasonableness of both the Commissioner's prelitigation and litigation conduct are considered by the court. *Id*. The conduct of the ALJ, "because it is part of the action that gave rise to the litigation in district court, constitutes part of the Commissioner's prelitigation conduct." *Boyd v. Barnhart*, 175 Fed. Appx. 47, 49 (7th Cir. 2006); *Cummings v. Sullivan*, 950 F.2d 492, 496–97 (7th Cir. 1991). "The Commissioner bears the burden of proving that [his] position was substantially justified." *Kusilek*, 175 Fed. Appx. at 70.

In this case, the court found that the ALJ's determination that Claimant's heart condition limited him to medium work lacked substantial evidence. *Kleinfelter v. Astrue*, No. 07-C50182, at 15–16 (N.D. Ill. Sept. 15, 2008). Although the ALJ asked Claimant questions at the second hearing regarding his heart attack, the ALJ did not develop the record regarding Claimant's abilities to work anything more than part-time. *Id*. Not only did the record lack evidence that Claimant could work full time, but there was evidence in the record indicating that a 40 hour work week would not be possible with his limiting conditions. *Id*. Claimant testified at the hearing that he would lose focus and become fatigued after only four hours of work. *Id*.

3

Because the ALJ's determination lacked substantial evidence in the record, and because evidence existed to the contrary of his decision, the court remanded the case to the ALJ to develop evidence of the limiting effects of Claimant's heart condition. *Id*. at 17.

The Commissioner argued that nothing in the record supported an RFC different from the one established by the ALJ, which found that Claimant could only perform medium work due to his heart condition, and that Claimant had the burden to put forth evidence to support a different RFC. Defendant's Resp. to Plaintiff's Pet. for an Award of Fees and Costs Pursuant to the Equal Access to Just Act at 4. However, there was not substantial evidence in the record to support the ALJ's RFC, and as explained above, there was evidence in the record contrary to the ALJ's decision, namely, Claimant's testimony. *Kleinfelter*, No. 07-C50182, at 16 (N.D. Ill. Sept. 15, 2008). The ALJ ignored the pertinent evidence and made leaps from the record to his conclusions without building the necessary logical bridge in his opinion. No reasonable legal theories exist to justify those leaps, including those theories propounded by the Commissioner upon judicial review. Inasmuch, the Commissioner's position was not substantially justified.

## B. The Reasonableness of the Fees

In *INS v. Jean*, 496 U.S. 154 (1990), the Supreme Court indicated that district courts are to determine the reasonableness of fee requests under the EAJA in the same manner as that described in *Hensely v. Eckerhart,* 461 U.S. 424 (1983), which concerned a fee request in a civil rights case under 28 U.S.C. § 1988. Under *Hensley*, a court is to begin by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Hensely*, 461 U.S. at 433. Hours that are excessive, redundant or otherwise unnecessary are not "reasonably expended" and should therefore be excluded from this calculation. *Id*. The district court is also to consider

other factors such as the degree of success obtained by the prevailing party's counsel, the novelty and difficulty of the questions presented, the skill required by the particular case, the customary fee, whether the fee is fixed or contingent, the experience of the attorneys, and awards in similar cases. *Id*. at 434 n.9 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)). Upon weighing the above considerations, the district court is then to exercise its discretion in making an equitable judgment without the constraints of any precise rule or formula. *Id*. at 436-37.

The EAJA provides a statutory cap of $125/hour on attorney's fees. 28 U.S.C. § 2412(d)(2)(A). However, the statute allows rates in excess of $125/hour where the court determines that an increase in the cost of living justifies a higher hourly rate. 28 U.S.C. § 2412(d)(2)(A)(ii). In this case, Claimant adjusted the rate of attorneys' fees for an increased cost of living using the Consumer Price Index to $169.90 per hour. Plaintiff's Memo. in Support of the Pet. for an Award of Fees and Costs Pursuant to the EAJA at 4. Claimant's billing statement also reports time billed by legal assistants at $85 per hour. *Id*. The Commissioner does not dispute the hourly rates, and the court finds them reasonable.

Claimant seeks payment for a total of 53.4 hours (49.4 attorney's hours and 4 paralegal hours). The Commissioner claims that this number of hours is unreasonable in this "routine" social security case given the skill level of Claimant's attorneys, and should be reduced. In support of this claim, the Commissioner cites five cases, all outside this district, that stand for the proposition that an attorney should spend 20 to 40 hours on a social security case. *See* Defendant's Resp. at 9. Claimant's brief, on the other hand, is loaded with cases from this district that approved at least as many hours as are claimed here. *See* Plaintiff's Memo. at 4–5.

5

While these statistics are somewhat helpful in determining reasonable hours for social security cases generally, the particular case underlying the application for fees is the one which must ultimately justify the number of hours billed. *See, e.g., Dunn v. Shalala*, No. 92-C4090, 1995 U.S. Dist. LEXIS 475, at *20 (N.D. Ill. Jan. 19, 1995) (stating that "each case arises from a unique factual scenario which must be analyzed in light of the applicable cases, rulings and regulations" and that such particulars must be considered in determining the reasonableness of hours billed).

Upon review of the attorney's billing statement, the court finds that most of the charges were not excessive, redundant or otherwise unnecessary. The attorneys spent 49.4 hours discussing the case with their client, reviewing the court's orders, conferencing with one another and the court, and researching and writing the briefs. These hours were all necessary and reasonable, even given the attorneys' skill levels.

But, time spent by paralegals and assistants performing clerical tasks is an "unrecoverable overhead expense." *Role Models America Inc. v. Brownlee,* 353 F.3d 962, 974 (D.C. Cir. 2004). Plaintiff may bill for his paralegal's time "only to the extent that the paralegal performs work traditionally done by an attorney." *Allen v. U.S. Steel Corp.,* 665 F.2d 689, 697 (5th Cir. 1982).

The submitted billing statement reflects some hours spent by the legal assistants doing clerical work which are not recoverable as fees under EAJA. Specifically, the time spent by the legal assistants writing and mailing checks to the district court is clerical in nature and unrecoverable. Those activities amount to 1.7 hours. At $85 per hour, $147.90 of the attorney's bill represents clerical work done by legal assistants, and is unrecoverable. This reduction

results in a total award of $8,935.16 ($9,083.06 - $147.90 = $8,935.16).

### III. CONCLUSION

For the above stated reasons, it is the opinion of this court that Claimant's Motion for Attorney's Fees Under the EAJA be granted in part by awarding Claimant attorney's fees and costs in the amount of $8,935.16.

                        **ENTER:**

**Date:** January 15, 2009        _____
                                          **P. MICHAEL MAHONEY, MAGISTRATE JUDGE**
                                            **UNITED STATES DISTRICT COURT**